**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

RAVIRAJH SIVANANTHARSHA,

               Petitioner,

       -v-                                                      9:26-CV-398 (AJB)

FREDERICK J. AKSHAR, II, _et al._,

               Respondents.

_____

**Appearances:**

_For Petitioner:_
Matthew K. Borowski
Borowski Witmer Immigration Lawyers
4343 Union Road
Buffalo, New York 14225

_For Respondents:_
Karen Folster Lesperance
Assistant United States Attorney
United States Attorney's Office
445 Broadway, Room 218
Albany, NY 12207-2924

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**DECISION and ORDER**</u>

In February 2020, petitioner Ravirajh Sivanantharsha ("petitioner"), a Sri Lankan national, entered the United States without inspection seeking protection under the asylum laws.  Dkt. No. 1 at 3.  Petitioner was later released on an immigration bond while his asylum matter remained pending.  _Id._ at 4.  Thereafter, despite not having violated any conditions of his bond, petitioner was arrested by Immigration and Customs Enforcement ("ICE") and transferred to the Broome County Correctional Facility, where he is currently being held.  _Id._ at 4–5.

- 1 -

On or about August 22, 2025, the Board of Immigration Appeals ordered petitioner removed. Dkt. No. 1 at 5. Petitioner timely appealed that decision by petitioning the United States Court of Appeals for the Second Circuit for review of the final order of removal (the "Petition for Review"). *Id.* The Petition for Review remains pending. *Id.*

On March 15, 2026, petitioner filed a verified emergency petition with this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release (the "Petition"). Dkt. No. 1. The Petition names the following respondents[1]: Warden of Broome County Correctional Facility, Frederick J. Akshar, II; Acting Deputy Field Office Director of ICE Field Office in Buffalo, NY (the "Buffalo Field Office"), James Bausch; Acting Field Office Director of the Buffalo Field Office, Philip Rhoney; Acting Director of ICE Todd Lyons; U.S. Attorney General Pamela Bondi, and Secretary of Homeland Security, Kristi Noem.[2] *Id.*

After directing a response and ordering briefing, the Court heard oral argument on the Petition on March 30, 2026. Dkt. No. 5. There, the parties represented to the Court that motions for a stay of removal and for an expedited decision on the motion for a stay of removal were pending with a motions panel of the Second Circuit, and that a decision on one or both of those motions was reasonably likely in the near future. *Id.* Counsel for respondents also acknowledged that if the Second Circuit granted petitioner's motion for a stay of removal, the basis for his ongoing detention would be governed by 8 U.S.C. § 1226's discretionary framework, entitling petitioner to

---

[1] This Court has personal jurisdiction over petitioner's immediate custodian, the Broome County Sheriff, who is located in the Court's territorial jurisdiction.

[2] The Petition identifies Kristi Noem as the Secretary of the Department of Homeland Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "if the defendant in an official capacity suit leaves office, the successor to the office replaces the originally named defendant." *Watt v. City of N.Y.*, 740 F. Supp. 3d 212, 232 (E.D.N.Y. 2024) (citing Fed. R. Civ. P. 25(d)). Accordingly, the Court substitutes Kristi Noem with her successor, U.S. Secretary of Homeland Security, Markwaye Mullin. *See Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 334 n.1 (E.D.N.Y. July 2, 2018).

an individualized bond hearing. *Id.* In light of the motions pending before the Second Circuit, the Court ordered that the parties file a joint status report on April 2, 2026. *Id.*

On April 1, 2026, the Second Circuit granted petitioner's motion for a stay of removal, and denied the motion for an expedited decision on petitioner's motion as moot. *See Sivanantharsha v. Bondi*, 25-2207, Dkt. No. 21.1 (2d Cir. Apr. 1, 2026). Later that day, petitioner moved this Court for an order immediately releasing him from detention, citing the Second Circuit's order. Dkt. No. 6. Respondents opposed petitioner's motion for immediate release, arguing that the appropriate remedy is not release, but rather a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. No. 7 at 2.

Having received briefing from the parties, *see* Dkt. Nos. 1, 3, 4, 6, 7, and having held a hearing on March 30, 2026, the Court grants the Petition and orders a bond hearing within ten (10) days of the date of this Order. The Court will issue a written decision setting forth the reasons for this Order in more detail and addressing petitioner's request for EAJA fees and costs.

Accordingly, it is

ORDERED that

1. The Petition for a writ of habeas corpus (Dkt. No. 1) is GRANTED;

2. Respondents shall afford Petitioner an individualized bond hearing, within 10 days, before an immigration judge, where the government bears the burden of proving, by clear and convincing evidence that petitioner is either a flight risk or a danger to the community, justifying his continued detention without bond; and

3. Respondents shall certify compliance with this Order by filing a status report by April 13, 2026.

The Clerk of the Court is directed to terminate the pending motions.

**IT IS SO ORDERED.**

Dated:  April 2, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge